IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | CR. NO. 2:07cr00068-MHT |
| ) | |
| **JABREE JAMANDE WILLIAMS**   ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            DON BETHEL

ASSISTANT U.S. ATTORNEY:    J.B. PERRINE

**COUNT AND STATUTES CHARGED**:
Count 1            18 U.S.C. § 2113(a)

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;...shall be fined under this title or imprisoned not more than twenty years, or both.

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:
Count 1            18 U.S.C. § 2113(a)

**PENALTIES BY COUNT - MAXIMUM PENALTY**:
Count 1            18 U.S.C. § 2113(a)
           NMT 20Y;
           NMT $250,000, or the greater of twice the gross gain or twice the gross loss; or both;
           NMT 3Y Sup Rel;
           $100 Assessment Fee; and
           VWPA

**ELEMENTS OF THE OFFENSE**:
Count 1

    1.    That the Defendant knowingly took from the person or the presence of the person described in the indictment, money or property then in the possession of a federally insured bank, as charged; and

    2.    That the Defendant did so by means of force and violence or by means of intimidation.

To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm; it is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the Defendant was so violent that it was likely to cause terror, panic or hysteria. The essence of the offense is the taking of money or property aided and accompanied by intentionally intimidating behavior on the part of the Defendant.

    \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

J.B. Perrine, Assistant United States Attorney, and Don Bethel, attorney for Defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of this Plea Agreement are not accepted by the Court, Defendant will be allowed to withdraw his plea of guilty and proceed to trial. If the Court accepts this Plea Agreement, however, and Defendant thereafter breaches this Plea Agreement, Defendant may not withdraw his guilty plea.

The terms of this Plea Agreement are as follows:

**UNITED STATES' PROVISIONS**

1. Agree that a two-level reduction in the applicable offense level pursuant to U.S.S.G. §

3E1.1(a) for Defendant's acceptance of responsibility is appropriate, so long as Defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the United States find that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, the United States will move at sentencing for a further reduction of one level for Defendant's offense level pursuant to U.S.S.G. § 3E1.1(b). The determination of whether Defendant has met Defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is in the sole discretion of the United States; and

    2. Agree that Defendant, upon full compliance with the terms of this Plea Agreement, should be sentenced at the low end of the applicable guideline range.

    3. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offense and Defendant's background and pre-sentence conduct.

## **DEFENDANT'S PROVISIONS**

Defendant agrees to the following:

    1.    To plea guilty to Count 1 of the Indictment.

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence

on any other ground and waives the right to attack the sentence in any post-conviction proceeding; provided, however, that Defendant does not waive his right to appeal on grounds of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by Defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742(b), Defendant is released from this waiver.

## FACTUAL BASIS

Defendant understands that the nature of the charges to which the plea is offered involves proof as to Count 1 of the Indictment as follows:

On or about February 5, 2007, Defendant, Jabree Jamande Williams, entered the Wachovia Bank at 2895 Eastern Boulevard, Montgomery, Alabama, and took by force, violence, or intimidation from an employee of Wachovia Bank approximately $1,871 belonging to and in the care, custody, control, management, or possession of Wachovia Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation

Defendant admits that the above-described conduct violates Title 18, United States Code, Sections 2113(a).

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

Defendant, before entering a plea of guilty to Count 1 of the Indictment that is the subject of this Plea Agreement, advises the Court that:

1.  The discussions between the attorneys for the United States and the attorney for Defendant held for the purpose of reaching an agreed plea in this case have taken place with Defendant's authorization and consent.

2.  Defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100 assessment is to be paid by Defendant on the date of sentencing and that if a fine and/or restitution is imposed by the Court at sentencing, Defendant shall meet with a United States Probation officer and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of sentencing. Defendant further understands and agrees that such financial statement shall be released to the United States Attorney's Office upon such office's request. Defendant will make an honest, good faith effort to pay the said fine and/or restitution as directed by the Financial Litigation Section of the United States Attorney's Office. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief.

3.  Defendant understands that he has a right to be represented by an attorney at every stage of the proceedings against him herein and is represented by his undersigned attorney.

4.  Defendant understands that he has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses in his own behalf,

and the right not to be compelled to incriminate himself, and that if he enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, he waives the right to a trial by jury or to a trial before the Court.

5.  Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against Defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.  Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by Defendant as a result thereof is voluntary on Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for Defendant, all conducted with Defendant's authorization, knowledge and consent. Defendant understands and acknowledges that this guilty plea will remain in full force and effect upon any breach of this Plea Agreement by Defendant. Defendant understands and acknowledges that as part of his consideration for this Plea Agreement he agrees not to commit any further criminal offense under federal, state, or local law, including, but not limited to, possessing or using a controlled substance. Defendant further understands and acknowledges that his commission of a criminal offense under federal, state, or local law after his execution of this Plea Agreement is a material breach of this Plea Agreement and releases the United States from its commitment to honor any and

all of its obligations to him set forth herein. Defendant further understands that any material breach of the Plea Agreement by Defendant will not invalidate or serve as withdrawal of Defendant's guilty plea. Upon material breach of the Plea Agreement by Defendant, the United States reserves the right to pursue in its sole discretion any sentencing enhancement or any additional criminal prosecution of Defendant.

7. Defendant further advises the Court that his understanding of this Plea Agreement is as set forth in this document.

8. Defendant further acknowledges and understands that once the Court accepts this Plea Agreement (1) any breach by him of this Plea Agreement will not entitle him to withdraw his guilty plea in this case and (2) his guilty plea will remain in full force and effect upon his breach of any term of this Plea Agreement.

9. Defendant further advises the Court that he understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in Count 1 of the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against Defendant. However, Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in Count 1 of the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by Defendant under oath, on the court record, and in the presence of counsel.

10. Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

11.     The undersigned attorneys for the United States and for Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended.  The attorney for Defendant further advises the Court that Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that Defendant has been advised of his right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against Defendant and the right not to be compelled to incriminate himself; and that if Defendant pleads guilty, there will not be a further trial of any kind.  Further, Defendant has been advised that if he pleads guilty, the Court may ask questions about the offense to which Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against Defendant in a civil or criminal proceeding, but that Defendant's answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

12.     Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider Defendant's conduct related to the offense to which the plea is offered, as well as Defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by Defendant's counsel or the United States Attorney.  In the event that the Court determines Defendant's offense level or criminal history category to be

higher than Defendant anticipated, the Defendant will have no right to withdraw the plea except as previously stated herein.

13. Defendant understands and acknowledges that the Court has the authority to impose any sentence up to the statutory maximum authorized by law, but that Defendant may withdraw his plea of guilty if the Court does not accept the terms of this Plea Agreement.

This 10th day of September, 2007.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_/s/ J.B. Perrine_
J.B. Perrine
Assistant United States Attorney

_/s/ Louis V. Franklin, Sr._
LOUIS V. FRANKLIN, SR.
Chief, Criminal Division

I have read the foregoing Plea Agreement, consisting of nine (9) pages, understand the same, and avow that the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached and to which I agree and consent.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DON BETHEL, ESQ.

_____
Jabree Jamande Williams
Defendant

_____
10 Sep 07
Date

_____
Don Bethel, Esq.
Attorney for Defendant

_____
10 Sep 07
Date