In the District Court of the United States
For the Middle District of Alabama
Northern Division

| United States of America | ) |
| vs. | ) Case No. 2:07CR00068-MHT |
| Jabree Jamande Williams | ) |

Motion To Request This Honorable Court To Challenge Prior Conviction In The State of Alabama

Comes now, defendant, Jabree Jamande Williams, prays to this Honorable Court for a opportunity to challenge the constitutionality of the prior conviction which the P.S.I has enhanced his sentence. The P.S.I has given Mr. Jabree Jamande Williams three criminal history points for a Theft of Property 1 Conviction in the State of Alabama. The case no. of the said prior conviction is CC06-434.

"Constitutional Plea"

What makes a plea constitutional is when it is knowingly, intelligently, and voluntarily entered by the defendant. When all rights are read, and when all consequences are disclosed to the defendant. When any essential elements of a plea is not disclose to a defendant, the plea is unconstitutional on it face.

### FACTS

On July 20, 2006, Mr. Jabree Jamance Williams plead guilty to a charge of Theft of Property 1st in the Circuit Court in Montgomery County, Alabama. During the plea at "no" time did the Judge, State Attorney, nor his attorney advise him that the above conviction could be use against him if he committed any future criminal acts. Mr. Jabree Jamance Williams had no knowledge that by him entering into the plea of the said prior conviction that it would come and harm him in the future.

### Conclusion

For the above reason Mr. Jabree Jamance Williams prays to this Honorable Court that it set his sentencing off for a later date, and allow him to go and challenge the constitutionality of the plea that he entered on July 20, 2006. More importantly, the State of Alabama has a statue of limitation of two years on which a defendant can appeal his or her conviction or sentence. Mr. Jabree Jamance Williams prays to this Honorable Court that it does not allow a miscarriage of justice to be served against him because the two years is up July 20, 2008. Time is an essence in this matter.

Sincerely,
Jabree J. Williams

Date:

Your Honor, I would also like to indicate that I've recieved points for my misdemeanors. I've tried to object to those misdemeanors, but it seems nobody cares. So I'm also coming to you about these. At my sentencing, can you explain to me why I recieved points for them. I read in "Federal Sentencing Guidelines Manual Vol. 1" that, sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows.

(1) Sentences for the following prior offenses any offense similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense.

    Careless or Reckless driving
    Contempt of court
    Disorderly conduct or disturbing the peace
    Driving without a license or with a revoked or suspended lic.
    False Information to a police officer
    Fish and game violations
    Gambling
    Hindering or failure to obey a police officer
    Insufficient funds check
    Leaving the scene of an accident
    Local ordinance violations
    Non-support
    Resisting arrest